## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOES 1-4 and JANE DOE, | ) | |
| | ) | |
| | ) | No. 16 C 4847 |
| Plaintiffs, | ) | Judge |
| | ) | Magistrate Judge |
| v. | ) | |
| | ) | |
| LISA MADIGAN, Attorney General of the | ) | |
| State of Illinois and LEO P. SCHMITZ, | ) | JURY DEMAND |
| Director of the Illinois State Police. | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR CIVIL RIGHTS VIOLATIONS,
### DECLARATORY JUDGMENT AND OTHER INJUNCTIVE RELIEF

Plaintiffs John Does 1-5 and Jane Doe, individually, by their undersigned attorneys, complains against the Defendants, Lisa Madigan, Attorney General of the State of Illinois, and Leo Schmitz, Director of the Illinois State Police, as follows:

### Nature of the Case

1.      This is an action pursuant to 42 U.S.C. §1983 and 28 U.S.C. §2201 challenging the constitutionality of certain provisions of the Illinois Criminal Code as set forth at 720 ILCS 5/11-9.3 and 720 ILCS 5/11-9.4-1. In pertinent part, the challenged statutes restrict the locations where child sex offenders, as defined in 720 ILCS 5/11-9.3(d)(1), are permitted to be present. The law requires child sex offenders to remain away from a broad range of vaguely defined locations, thereby preventing those subject to its restrictions from going to church, going to public

libraries, raising their families, and meaningfully participating in many recreational and social activities. The vagueness of the law's restrictions leaves its subjects, state officials, and the general public unsure of where and when simply being present constitutes a felony offense. Plaintiffs contend that the vagueness of the laws violates Plaintiffs' rights under the First and Fourteenth Amendment of the United States Constitution.

In particular, Plaintiffs challenge four sections of the law:

(1)    720 ILCS 5/11-9.3(c), which prohibits a child sex offenders from knowingly being present at any "facility providing programs or services exclusively directed toward persons under the age of 18";

(2)    720 ILCS 5/11-9.3(c-2), which makes it unlawful for a child sex offender "to participate in a holiday event involving children under 18 years of age";

(3)    720 ILCS 5/11-9.4-1(b) and (c), which make it unlawful for a child sex offender or a sexual predator to "knowingly be present in any public park building or on real property comprising any public park" or to "knowingly loiter on a public way within 500 feet of a public park building or real property comprising any public park."[1]; and

(4)    720 ILCS 5/11-9.3(b) which makes it unlawful for a child sex offender to "knowingly loiter within 500 feet of a school building or real property comprising any school while persons under the age of 18 are present in the building or on the grounds."

---

[1]       The restrictions imposed by 720 ILCS 5/11-9.4-1 (b) and (c) overlap with restrictions imposed under another section of the Illinois Criminal Code — *e.g.,* 720 ILCS 5/11-9-3.1(b-2), which makes it unlawful for a child sex offender to "knowingly loiter on a public way within 500 feet of a public park building or real property comprising any public park while persons under the age of 18 are present in the building or on the grounds and to approach, contact, or communicate with a child under 18 years of age, unless the offender is a parent or guardian of a person under 18 years of age present in the building or on the grounds." Plaintiffs are subject to both of these restrictions because they are defined as "child sex offenders" under the Illinois Criminal Code. As set forth herein, Plaintiffs challenge only 720 ILCS 5/11-9.4-1(c), which is broader than 5/11-9-3.1(b-2) and does not contain clarifying language about "approach[ing], contact[ing] or communicat[ing]" with minors.

2

The Plaintiffs seek temporary and permanent injunctive relief, as well as declaratory relief, on the grounds that these four sections of the criminal code are unconstitutional on their face and as applied. Each statute is void for vagueness and violates Plaintiffs' rights to procedural and substantive due process.

## Jurisdiction and Venue

2.      Jurisdiction is proper in this court pursuant to 28 U.S.C. §1331 because this action arises under federal law. Specifically, this case arises under 42 U.S.C. §1983 and alleges violations of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to Plaintiffs' claims occurred in the Northern District of Illinois.

4.      Declaratory relief is authorized under 28 U.S.C. § 2201. A declaration of law is necessary and appropriate to determine the respective rights and duties of parties to this action.

## The Parties

5.      Plaintiff John Doe 1 currently resides in Des Plaines, Illinois. He pled guilty to a qualifying offense in 2012, making him a child sex offender as defined in 720 ILCS 5/11-9.3(d)(1); he is registered as a sex offender in Illinois; and he is currently subject to the restrictions contained in 720 ILCS 5/11-9.3 and 720 ILCS 5/11-9.4-1.

6.      Plaintiff John Doe 2 was previously a resident of Arlington Heights,

Illinois and Romeoville, Illinois. He pled guilty to a qualifying offense in January 2000, making him a child sex offender as defined in 720 ILCS 5/11-9.3(d)(1). John Doe 2 is registered as a sex offender in Illinois. John Doe 2 recently moved to Omaha, Nebraska. He plans to visit Illinois frequently to visit his daughter, granddaughter and great granddaughter who live in Romeoville, Illinois. Whenever John Doe 2 is in Illinois, he is subject to the restrictions contained in 720 ILCS 5/11-9.3 and 720 ILCS 5/11-9.4-1.

7.     Plaintiff John Doe 3 currently resides in Morton Grove, Illinois. He pled guilty to a qualifying offense in 2001, making him a child sex offender as defined in 720 ILCS 5/11-9.3(d)(1); he is registered as a sex offender in Illinois; and he is currently subject to the restrictions contained in 720 ILCS 5/11-9.3 and 720 ILCS 5/11-9.4-1.

8.     Plaintiff John Doe 4 currently resides in Freeport, Illinois. He pled guilty to a qualifying offense in 2005, making him a child sex offender as defined in 720 ILCS 5/11-9.3(d)(1); he is registered as a sex offender in Illinois; and he is currently subject to the restrictions contained in 720 ILCS 5/11-9.3 and 720 ILCS 5/11-9.4-1.

9.     Plaintiff Jane Doe currently resides in Urbana, Illinois. She pled guilty to a qualifying offense in January 2014, making her a child sex offender as defined in 720 ILCS 5/11-9.3(d)(1). Jane Doe is registered as a sex offender in Illinois; and she is currently subject to the restrictions contained in 720 ILCS 5/11-9.3 and 720 ILCS 5/11-9.4-1.

10.     Defendant Attorney General Lisa Madigan is sued in her official capacity as the Attorney General of the State of Illinois. The Attorney General of the State of Illinois is responsible for executing and administering the laws of the State of Illinois and is charged with advising state's attorneys throughout the state.

11.     Under Illinois law, Defendant Madigan has the authority to participate in and assist with criminal prosecutions, including charges under 720 ILCS 5/11-9.3 and 720 ILCS 5/11-9.4-1. Defendant Madigan also has the authority to consult with and advise Illinois State's Attorneys concerning criminal prosecutions. (See 15 ILCS 205/4).

12.     Defendant Madigan has been and continues to be directly involved in the enforcement of 720 ILCS 5/11-9.3 and 720 ILCS 5/11-9.4-1 by defending the statutes in state court criminal appeals.

13.     Defendant Leo P. Schmitz is the Director of the Illinois State Police, and is responsible for executing and administering the laws of the State of Illinois, including the statutes challenged herein. He is sued in his official capacity.

## The Particular Provisions of the Statutes at Issue in this Lawsuit

14.     **720 ILCS 5/11-9.3(c):** This provision prohibits child sex offenders from being "associated with" or "present at" any facility that provides programs or services exclusively directed towards minors. It states in pertinent part as follows:

> It is unlawful for a child sex offender to knowingly operate, manage, be employed by, volunteer at, be associated with, or knowingly be present at any: (i) facility providing programs or services exclusively directed toward persons under the age of 18.

15.     **720 ILCS 5/11-9.3(c-2):** This provision makes it unlawful for a child

5

sex offender to participate in "a holiday event" involving children under 18 years of age, except for one's own children. It reads in pertinent part as follows:

> It is unlawful for a child sex offender to participate in a holiday event involving children under 18 years of age, including but not limited to distributing candy or other items to children on Halloween, wearing a Santa Claus costume on or preceding Christmas, being employed as a department store Santa Claus, or wearing an Easter Bunny costume on or preceding Easter…This subsection does not apply to a child sex offender who is a parent or guardian of children under 18 years of age that are present in the home and other non-familial minors are not present.

16.    **720 ILCS 5/11-9.4-1(b) and (c)**: These provisions make it unlawful for a child sex offender or a sexual predator to "knowingly be present in any public park" and/or to "knowingly loiter on a public way within 500 feet" of a public park. They read in pertinent part as follows:

> It is unlawful for a sexual predator or a child sex offender to knowingly be present in any public park building or on real property comprising any public park.

> It is unlawful for a sexual predator or a child sex offender to knowingly loiter on a public way within 500 feet of a public park building or real property comprising any public park.

17.    **720 ILCS 5/11-9.3(b):** This provision makes it unlawful for a child sex offender to "knowingly loiter within 500 feet of a school building or real property comprising any school while persons under the age of 18 are present in the building or on the grounds." It reads in pertinent part as follows:

> It is unlawful for a child sex offender to knowingly loiter within 500 feet of a school building or real property comprising any school while persons under the age of 18 are present in the building or on the grounds, unless the offender is a parent or guardian of a student attending the school and the parent or guardian is: (i) attending a conference at the school with school personnel to discuss the progress of his or her child academically or socially, (ii) participating in child

review conferences in which evaluation and placement decisions may be made with respect to his or her child regarding special education services, or (iii) attending conferences to discuss other student issues concerning his or her child such as retention and promotion and notifies the principal of the school of his or her presence at the school or has permission to be present from the superintendent or the school board or in the case of a private school from the principal.[2]

18.      Each of these provisions violates the Constitution by failing to provide sufficient clarity to allow a person of ordinary intelligence to understand and discern precisely what conduct is prohibited.

19.      Each of these provisions violates the Constitution by failing to provide sufficient guidance to law enforcement officials and prosecutors, which thereby encourages arbitrary enforcement.

20.      The vague prohibitions set forth in these statutes unconstitutionally interfere with the Plaintiffs' fundamental rights, including their right to engage in free speech, their right to practice their religions, and their right to organize their family affairs.

21.      No state agency or court has given a limiting construction to any of these provisions.

### Factual Allegations

**JOHN DOE 1**

22.      John Doe 1 is a 58-year-old resident of Des Plaines, Illinois. He pled

---

[2]      720 ILCS 5/11-9.3(d)(11) defines "loiter" as follows: "(i) Standing, sitting idly, whether or not the person is in a vehicle, or remaining in or around school or public park property; (ii) Standing, sitting idly, whether or not the person is in a vehicle, or remaining in or around school or public park property, for the purpose of committing or attempting to commit a sex offense; (iii) Entering or remaining in a building in or around school property, other than the offender's residence."

guilty in 2012 to one count of aggravated possession of child pornography (720 ILCS 5/11-20.1). Because of this conviction, John Doe 1 is classified as a "child sex offender" under 720 ILCS 5/11-9.3(d)(1).

23.     John Doe 1 was sentenced to two years probation, which includes sex offender therapy, a curfew, a prohibition on Internet use, and two mandated polygraph tests. John Doe 1 **h**as not been accused of committing any criminal conduct since his conviction.

24.     John Doe 1 seeks to go to a public library to check out books, hear lectures and attend book signings, but he is afraid to do so because the public libraries he seeks to go to all have children's libraries within the main libraries.

25.     When John Doe 1 was on probation, his probation officer told him that he was not permitted to go to any libraries even after probation ended.

26.     In particular, John Doe 1 has sought to go to the Niles Public Library to hear a lecture on the music of the Beatles in 2015, and he presently seeks to attend a monthly philosophy discussion meeting that takes place at the Northbrook Public Library.

27.     John Doe 1 currently wants to participate in activities at public libraries, but he is unable to do so for fear of violating 720 ILCS 5/11-9.3(c). He fears that he could be arrested or charged with a felony for even being present at a library.

28.     John Doe 1 is unsure of the meaning or extent of the restrictions on being "associated with" or "present at" any facility that provides programs or

services exclusively directed towards minors imposed under 720 ILCS 5/11-9.3(c).

29.     In addition, John Doe 1 seeks to play golf at park-district owned golf courses, but he is unsure of the meaning or extent of the restrictions imposed under 720 ILCS 5/11-9.4-1(b) and (c). John Doe 1 is in fear of violating 720 ILCS 5/11-9.4-1 and is thus afraid he could be arrested or charged with a crime if he attempts to play golf at park-district owned facilities, even when no children are present.

**JOHN DOE 2**

30.     John Doe 2 is a 77-year-old former resident of Arlington Heights, Illinois and Romeoville, Illinois. He currently lives in Nebraska. He pled guilty in 2000 to one count of indecent solicitation of a child (720 ILCS 5/11-6). John Doe 2 is thus classified as a "child sex offender" under 720 ILCS 5/11-9.3(d)(1).

31.     John Doe 2 was sentenced to four years of probation, which he successfully completed. John Doe 2 has not been accused of committing any criminal conduct since his conviction.

32.     John Doe 2's daughter owns a home in Romeoville, Illinois. She lives there with her daughter (John Doe 2's granddaughter) and her granddaughter (John Doe 2's great-granddaughter).

33.     There is small set of playground equipment in the subdivision in which John Doe 2's daughter resides. The playground equipment is within 500 feet of John Doe 2's daughter's house.

34.     John Doe 2 wishes to visit his family at their home in Romeoville to spend time with his daughter, granddaughter and great-granddaughter and to

share meals and holidays with his family. John Doe 2 also wants to assist with taking care of his great-granddaughter, including driving her home from school, helping with her school work, and preparing meals while her mother is at work.

35.     John Doe 2 is uncertain whether he is potentially violating 720 ILCS 5/11-9.4-1(c)'s prohibition on "knowingly loiter[ing]" within 500 feet of a public park when he visits with his family at their home.

36.     John Doe 2 has received conflicting information from various law enforcement bodies about whether he is permitted to spend time at his daughter's house. Romeoville police told John Doe 2 that he is not permitted to even visit the house because of its proximity to a park. Illinois State Police said he can visit his family, but he cannot "loiter" outside of the home and cannot stay overnight.

37.     John Doe 2 also wishes to assist with transporting his great-granddaughter home from school when her mother is working. John Doe 2 has been prohibited from picking up his great granddaughter from her bus stop because Romeoville police have deemed doing so "loitering" under 720 ILCS 5/11-9.3.

38.     John Doe 2 is in fear that he could be arrested and/or charged with a crime for simply visiting his family, being present on his daughter's property, or picking up his great-granddaughter from her bus stop.

**JOHN DOE 3**

39.     John Doe 3 is a 50-year-old male who currently resides in Morton Grove, Illinois. John Doe 3 pled guilty in 2001 to one count of attempted child luring (720 ILCS 5/10-5(b)(10)). As a result of his conviction, John Doe 3 is a lifetime

registrant on the Sex Offender Registry and is classified as a "child sex offender" under 720 ILCS 5/11-9.3(d)(1).

40.     John Doe 3 served two and a half years in state prison at Pinckneyville Correctional Center, followed by one year of mandatory supervised release.

41.     There were and are no allegations that John Doe 3 ever engaged in any inappropriate contact with any minor.  There is no evidence or suggestion that John Doe 3 has any sexual predilection for or interest in sexual activity with minors.

42.     John Doe 3 is divorced and has four children, ages 19, 22, 24, and 26, and two grandchildren, ages two and three.

43.     John Doe 3 seeks to go to his grandchildren's birthday parties where other children attend; he seeks to attend his town's Fourth of July parade with his grandchildren; and he seeks to attend his family's annual Fourth of July picnic, where other families and their minor children attend.

44.     John Doe 3 currently wants to participate in these holiday activities, but he is unable to do so because he is unsure of the meaning or extent of the proscriptions imposed under 720 ILCS 5/11-9.3(c-2) and thus is in fear of violating 720 ILCS 5/11-9.3(c-2), in particular, the terms that prohibit his ability to "participate" in "a holiday event."

45.     John Doe 3 is fearful he will be arrested or charged with a crime while attending and or participating in these various activities.

46.     In addition, John Doe 3 also seeks to take his grandchildren (a) to fast food restaurants like McDonalds that have playground areas for children; (b) Chuck

11

E. Cheese-like family restaurants that have arcade areas for children; and (c) children's movies that are rated "PG."

47.     John Doe 3 currently wants to participate in these various activities, but he is unable to do so because he is unsure of the meaning or extent of the proscriptions on being "present at" a facility that provides "services exclusively directed to" minors under 720 ILCS 5/11-9.3(c).

48.     John Doe 3 is fearful that he could be arrested and charged with a felony for attending and/or participating in these activities.

49.     In addition, John Doe 3 also seeks to take his grandchildren to museums such as the Field Museum and the Museum of Science and Industry, which are on park district property.

50.     John Doe 3 is unsure of the meaning or extent of the proscriptions of 720 ILCS 5/11-9.4-1(b) & (c), which prohibit him from being "present" at any "public park." He is in fear that he is violating the law by going to these museums with his grandchildren.

51.     John Doe 3 is fearful he could be arrested and/or charged with a crime while attending and/or participating in these activities.

**JOHN DOE 4**

52.     John Doe 4 is a 52-year-old resident of Freeport, Illinois. He pled guilty in 2005 to aggravated criminal sexual abuse (720 ILCS 5/11-1.60(b)). As a result of his conviction, John Doe 4 is a lifetime registrant on the Sex Offender Registry and is classified as a "child sex offender" under 720 ILCS 5/11-9.3(d)(1).

12

53.     John Doe 4 was sentenced to four years of probation, which he successfully completed.

54.     John Doe 4 is a member of a church in Freeport. He has disclosed to the pastor that he is on the Sex Offender Registry. The pastor supports his attendance at the church and participation in its activities.

55.     The church has playground equipment on its property that is available for the use of children of church members during or after services. The church also has a nursery for children of church members and has weekly youth ministries and children's services for children ages 4-12.

56.     John Doe 4 wishes to be involved in several activities at his church, including (a) attending Sunday services, (b) participating in a weekly support group, and (c) volunteering to help maintain the grounds of the church when children are not present.

57.     John Doe 4 is deterred from engaging in these activities because he is afraid that he is violating 720 ILCS 5/11-9.3(c)'s prohibition on being "present at," "volunteer[ing] at" or being "associated with" a facility that provides services exclusively directed to minors. He is unsure of the meaning or extent of the proscriptions of 720 ILCS 5/11-9.3(c) and thus is in fear of violating the law.

58.     John Doe 4 is fearful he will be arrested or charged with a crime while attending and or participating in activities at his church.

**JANE DOE**

59.     Jane Doe is a 48-year-old resident of Urbana, Illinois. Jane Doe pled

guilty in 2014 to aggravated criminal sexual abuse, making her a "child sex offender" as defined in 720 ILCS 5/11-9.3(d)(1).

60. Jane Doe was sentenced to 48 months of probation. Since her conviction, Jane Doe has not been accused of committing any criminal conduct.

61. Prior to her conviction, Jane Doe was an active participant at a Baptist church in Champaign.

62. Jane Doe continues to attend this church, but she is uncertain whether her presence in this church might violate the law. Specifically, the church has a youth ministry that provides activities for minors (such as youth Bible study, children's church, and nursery during church service). Jane Doe does not know whether her attendance at this church violates the prohibition on being "associated with" or "present at" any facility that provides programs or services exclusively directed towards minors set forth in 720 ILCS 5/11-9.3(c).

63. Jane Doe also visits other Baptist churches in the Urbana-Champaign area, but does not know whether her presence in those churches might run afoul of the prohibition on "knowingly loiter[ing] within 500 feet of a school set forth in in 720 ILCS 5/11-9.3(b). Jane Doe is deterred from attending church services because of her uncertainty about whether she is violating the law by being on the church premises.

64. In addition, Jane Doe's church is part of a group of Baptist churches call a Baptist District. One of the churches in the District holds religious services in an auditorium that is attached to a school. Jane Doe would like to attend these

services but is deterred from doing so because she does not know whether she would be in violation of the prohibitions set forth in 720 ILCS 5/11-9.3(b) and 720 ILCS 5/11-9.3(c).

## ALLEGATIONS COMMON TO ALL PLAINTIFFS

65.     Each of the Plaintiffs is harmed by the vagueness of the challenged statutes. They cannot exercise fundamental liberties such as attending church, engaging in First Amendment-protected activities, or arranging their family affairs, without fear of accidentally committing a felony offense or being subject to arbitrary enforcement.

66.     Each of the Plaintiffs in this case is harmed by the statute's undue restrictions on activities protected by the Constitution's guarantees of freedom of religion, freedom of association, freedom to raise one's children, and freedom of speech.

67.     Each of the Plaintiffs is aware that the Illinois Attorney General has given no guidance, interpretation, or limiting construction to law enforcement, the public, or to registrants of these provisions under 720 ILCS 5/11-9.3 or 720 ILCS 5/11-9.4.

68.     Each of the challenged provisions violates the Constitution by failing to provide sufficient guidance to law enforcement officials and prosecutors, encouraging arbitrary enforcement.

69.     Each of the challenged provisions impermissibly interferes with fundamental liberties. The threat of enforcement severely limits Plaintiffs'

participation in religious, political, and social life.

## COUNT I
## 42 U.S.C. § 1983: FOURTEENTH AMENDMENT
## PROCEDURAL DUE PROCESS
### (*Monell* Express Policy Claim For Declaratory and Injunctive Relief)

70.     Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation contained above.

71.     The Due Process Clause of the Fourteenth Amendment prohibits states from enforcing laws that are unconstitutionally vague. As a matter of due process, statutory requirements must be written with sufficient clarity that persons of ordinary intelligence need not guess at their meaning.

72.     The challenged statutory provisions are invalid under the vagueness doctrine because those provisions fail to provide a person of ordinary intelligence fair notice of what is required and what is prohibited under the statute, making it impossible for the Plaintiffs to conform their conduct to the statutory requirements and making it likely that law enforcement officials will enforce the statutes in different ways in different places or against different people.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a)     issue a preliminary and then permanent injunction prohibiting enforcement of 720 ILCS 5/11-9.3(c); 720 ILCS 5/11-9.3(c-2); 720 ILCS 5/11-9.4-1(b) and (c); and 720 ILCS 5/11-9.3(b);

(b)     issue a declaratory judgment that 720 ILCS 5/11-9.3(c); 720 ILCS 5/11-9.3(c-2); 720 ILCS 5/11-9.4-1(b) and (c); and 720 ILCS 5/11-9.3(b) are unconstitutional both on their face and as applied to Plaintiffs;

(c)     enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(d)      grant Plaintiffs any other relief the Court deems appropriate.

## COUNT II
### 42 U.S.C. § 1983: FOURTEENTH AMENDMENT
### SUBSTANTIVE DUE PROCESS
### (*Monell* Express Policy Claim For Declaratory and Injunctive Relief)

73.      Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation contained above.

74.      The Due Process Clause of the Fourteenth Amendment prohibits states from enforcing laws that impermissibly interfere with or inhibit the exercise of fundamental liberties unless those laws are narrowly tailored to serve a compelling state interest.

75.      Freedom of personal choice in matters affecting family relationships is a liberty interest protected by due process.

76.      The challenged statutes violate the Plaintiffs' fundamental rights because they impermissibly interfere with Plaintiffs' ability to organize their family affairs and are not narrowly tailored to serve a compelling state interest.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a)      issue a preliminary and then permanent injunction prohibiting enforcement of 720 ILCS 5/11-9.3(c); 720 ILCS 5/11-9.3(c-2); 720 ILCS 5/11-9.4-1(b) and (c); and 720 ILCS 5/11-9.3(b);

(b)      issue a declaratory judgment that 720 ILCS 5/11-9.3(c); 720 ILCS 5/11-9.3(c-2); 720 ILCS 5/11-9.4-1(b) and (c); and 720 ILCS 5/11-9.3(b) are unconstitutional both on their face and as applied to Plaintiffs;

(c)      enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(d)      grant Plaintiffs any other relief the Court deems appropriate.

17

## COUNT III
## 42 U.S.C. § 1983: FIRST AMENDMENT
### (*Monell* Express Policy Claim For Declaratory and Injunctive Relief)

77.     Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation contained above.

78.     Subject to exceptions not applicable here, a law is overbroad when it impermissibly extends to substantially interfere with First Amendment liberties. With regard to such interference, the law must be narrowly tailored to serve a compelling state interest.

79.     A law is subject to invalidation *in toto* when its overbreadth is substantial when judged in relation to its plainly legitimate sweep.

80.     The challenged statutes are unconstitutional as applied to Plaintiffs' exercise of their First Amendment rights because they are not narrowly tailored to achieve a compelling state interest. The statutes are properly subject to invalidation *in toto* because this overbreadth is substantial when judged in relation to their plainly legitimate sweep.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a)     issue a preliminary and then permanent injunction prohibiting enforcement of 720 ILCS 5/11-9.3(c); 720 ILCS 5/11-9.3(c-2); 720 ILCS 5/11-9.4-1(b) and (c); and 720 ILCS 5/11-9.3(b);

(b)     issue a declaratory judgment that 720 ILCS 5/11-9.3(c); 720 ILCS 5/11-9.3(c-2); 720 ILCS 5/11-9.4-1(b) and (c); and 720 ILCS 5/11-9.3(b) are unconstitutional both on their face and as applied to Plaintiffs;

(c)     enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(d)     grant Plaintiffs any other relief the Court deems appropriate.

**Plaintiffs demand trial by jury.**

Respectfully submitted,

/s/ Mark G. Weinberg

/s/ Adele D. Nicholas
*Counsel for Plaintiff*

Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913

Adele D. Nicholas
4510 N. Paulina Street, 3E
Chicago, Illinois 60640
(847) 361-3869